IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**EUGENE NESBITT,**

        **Plaintiff,**

**v.**                                   **Civil Action No. 1:06cv102**
                                        **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

        **Defendant.**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITH PREJUDICE COMPLAINT

This matter is now before the Court for consideration of United States Magistrate Judge John S. Kaull's Report and Recommendation ("R&R") (dkt no. 34), dated June 8, 2007, on the defendant's dispositive motion (dkt no. 24), and the plaintiff's corresponding objections (dkt no. 39). For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety, **GRANTS** the defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and **DISMISSES WITH PREJUDICE** the plaintiff's complaint.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Pursuant to provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et. seq. ("FTCA"), on June 20, 2006, the pro se plaintiff Eugene Nesbitt ("Nesbitt"), filed this civil action, alleging that Federal Bureau of Prisons ("BOP") staff at the

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING WITH PREJUDICE COMPLAINT**

Federal Correctional Institution at Gilmer ("FCI-Gilmer") lost, stole or misplaced certain items of his personal property after he was transferred out of his cell in the general population into a cell in the Special Housing Unit ("SHU"). In his complaint, Nesbitt seeks an award of not less than $528.35 to compensate him for his "injuries, damages, pain and suffering, loss of earnings, loss of comfort, hinderance [sic] from petitioning the Government, each and every Constitutional violation/denial therein, society, consortium, and a denial of property under the color of law."[1]

By standing Order, the Court referred this matter to Magistrate Judge Kaull for initial screening and a R&R in accord with Local Rule of Prisoner Litigation 83.02. After finding that summary dismissal was not appropriate, on October 10, 2006, Magistrate Judge Kaull directed the defendants to answer or otherwise respond to the complaint.

Pursuant to 28 U.S.C. § 1346(b) and provisions of the FTCA, on December 11, 2006, the United States filed a Notice of Substitution certifying that Officer M. Eichhorn was acting within the scope of his federal employment at the time of the incident alleged in the complaint. Therefore, the Government asserted that Officer

---

[1] In his response to the defendant's motion, Nesbitt also seeks $10,000 in punitive damages for his alleged pain and suffering and mental anguish.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING WITH PREJUDICE COMPLAINT**

Eichhorn should be deemed an employee of the United States for purposes of the FTCA. Accordingly, on December 14, 2006, the Magistrate Judge entered an order substituting the United States of America as the sole defendant in this action.

On January 8, 2007, the United States filed its motion to dismiss or in the alternative, motion for summary judgment, and on March 5, 2007, Nesbitt filed his response brief.

**II. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On June 8, 2007, Magistrate Judge Kaull issued his R&R recommending that the United States's motion be granted and that Nesbitt's complaint be dismissed with prejudice. Specifically, he recognized that 28 U.S.C. § 4042(a) creates a duty for the BOP to provide suitable quarters, and to provide for the inmates' safekeeping, care and subsistence. He, however, noted that negligence is the violation of the duty to take reasonable care under the given circumstances and is always relative to some circumstances of time, place, manner or person. Mallett v. Pickens, 522 S.E.2d 436, 446 (W.Va. 1999).

Therefore, even when viewing the facts in the light most favorable to Nesbitt, Magistrate Judge Kaull concluded that there had been no breach of any duty owed to Nesbitt with respect to his

3

property in this case. He further concluded that, even if a breach had occurred, Nesbitt had waived all claims concerning lost property by signing sections 10(a) and 10(b) of his Inmate Personal Property Record. Therefore, the Magistrate Judge concluded that Nesbitt's FTCA failed as a matter of law.

To the extent that Nesbitt claims that his constitutional rights were violated, Magistrate Judge Kaull concluded that he failed to allege claims against Officer Eichhorn in his individual capacity as required in <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 395 (1971). Furthermore, Magistrate Judge Kaull recognized that Congress has explicitly stated that the exclusive remedy for recovery of lost property is against the United States. 28 U.S.C. § 2679(b)(1); <u>Carlson v. Green</u>, 446 U.S. 14, 18-19 (1980). . Therefore, he concluded that Nesbitt cannot bring a <u>Bivens</u> claim against Officer Eichhorn concerning the loss of property.

In addition, Magistrate Judge Kaull concluded that Nesbitt is precluded from seeking damages for mental or emotional injuries because he fails to allege any physical injuries as a result of the defendant's actions. 42 U.S.C. § 1997e(e).

**III. ANALYSIS**

4

**ORDER ADOPTING REPORT AND RECOMMENDATION AND**
**DISMISSING WITH PREJUDICE COMPLAINT**

Following submission of a magistrate judge's report and recommendation concerning a prisoner's complaint, the Court reviews <u>de</u> <u>novo</u> any portions of the report and recommendation to which a specific objection is made, 28 U.S.C. § 636(b)(1), and may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983). After obtaining an extension of time, Nesbitt filed objections to Magistrate Judge Kaull's R&R on August 9, 2007. Although the substance of Nesbitt's objections has been difficult to discern, the Court will specifically address the four primary issues raised by his objections.

1.

First, Nesbitt contends that his complaint has been misconstrued by the Court. Specifically, he states that "this is a pro-se civil rights complaint pursuant to the [FTCA] filed by a [f]ederal [p]risoner in the United States District Court for the Northern District of West Virginia, in the denial of the plaintiff's civil rights, constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, by the above-named defendants in their official and individual capacity for the loss of the plaintiff's personal and

5

other property, which was lost when plaintiff was in the Special Housing Unit ("SHU"), which resulted in other administrative sanctions, at the Gilmer Federal Correctional Institution in Glenville, West Virginia." Nesbitt further states that, under the FTCA, he has presented a claim "for loss of property resulting from the wrongful acts of a [f]ederal employee of the Bureau of Prisons- Gilmer Federal Correctional Institution- Glenville, West Virginia."

In his R&R, Magistrate Judge Kaull considers Nesbitt's negligence claim for loss of property under the FTCA as well as his constitutional claims against Officer Eichhorn. Based on Nesbitt's own characterization of his claims set forth in his objections, the Court does not find that the Magistrate Judge misinterpreted Nesbitt's claims. Rather, it appears as though Nesbitt does not agree with Magistrate Judge Kaull's conclusion that his FTCA claim may only be brought against the United States and not the BOP or Officer Eichhorn.

28 U.S.C. § 2679, however, provides that the exclusive remedy for a claim of damages arising from any "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Thus, federal employees have absolute immunity from common-law tort

claims arising out of acts they undertake in the course of their official duties. Osborn v. Haley, _____ U.S. _____, 127 S.Ct. 881, 887 (2007).

Upon certification that the individual defendant was acting within the scope of his office or employment, the United States must be substituted as the sole defendant, and the action proceeds under the FTCA. 28 U.S.C. § 2679(d)(1). Furthermore, although the FTCA waives the sovereign immunity of the United States for wrongful and negligent acts committed by federal employees, a federal agency cannot be sued in its own name. 28 U.S.C. § 2679(a). Therefore, the only proper defendant in a FTCA suit is the United States. 28 U.S.C. § 2679(a), (b)(1).

Here, a motion for substitution and a supporting scope-of-employment certification was filed by the Government on December 11, 2006. Significantly, Nesbitt did not object to the scope-of-employment certification or the substitution of the United States as the sole defendant in this action. Thus, the Magistrate Judge properly concluded that Nesbitt's negligence claim under the FTCA may only be asserted against the United States and not against the BOP or Officer Eichhorn.

2.

**NESBITT V. UNITED STATES**                                              **1:06CV102**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING WITH PREJUDICE COMPLAINT**

Next, Nesbitt similarly contends that "[f]ederal [o]fficials are not absolutely immune from tort liability for all actions committed within the outer perimeter of their duties."  Nesbitt states that federal employees are subject to constitutional claims.  Therefore, he argues that Officer Eichhorn, with no respect to his office, violated his procedural due process rights and failed to follow the BOP's procedure with respect to securing and compiling an inventory of a prisoner's property.

In his R&R, Magistrate Judge Kaull concluded only that FTCA claims could not be asserted against federal employees acting within the scope of their employment.[2]  He, however, recognized that constitutional violations may be brought against federal officials under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).  28 U.S.C. § 2679(b)(2)(A); United States v. Smith, 499 U.S. 160, 165 (1991). A Bivens action, however, may only be maintained against a federal official in his individual capacity.  FDIC. v. Meyer, 510 U.S. 471, 484-86 (1994).

---

[2] Magistrate Judge Kaull also properly stated that constitutional claims against the United States of America are not cognizable under the FTCA. FDIC v. Meyer, 510 U.S. 471, 477-78 (1999). Nesbitt, however, does not appear to be contending that he has a constitutional claim against the United States, but, instead, asserts that he has a valid constitutional claim against Officer Eichhorn in his individual capacity.

8

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING WITH PREJUDICE COMPLAINT**

On page 3 of his complaint, Nesbitt states:

> At the time and place above mentioned, Officer M. Eichhorn was regularly in the service and employee of the Bureau of Prisons, of the defendant, United States of America and was acting within the scope of his employment.

In point of fact, Nesbitt's complaint contained no allegations against Officer Eichhorn in his individual capacity. In his response to the defendant's motion to dismiss, however, Nesbitt, for the first time, suggested that his claims against Officer Eichhorn were in his individual and official capacities. Therefore, Magistrate Judge Kaull appropriately considered whether Nesbitt could assert a constitutional claim under Bivens against Officer Eichhorn based on the factual allegations in the complaint.

A Bivens action cannot be maintained when there are "'special factors' counseling hesitation in the absence of affirmative action by Congress" or when "Congress has provided an alternate remedy which is explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective." Carlson v. Green, 446 U.S. 14, 18-19 (1980). Here, the basis for Nesbitt's constitutional claim is the alleged loss of property resulting from the negligent or wrongful act of a federal employees acting within the scope of his employment. Significantly, in 28

9

U.S.C. § 2679(b)(1), Congress explicitly stated that the exclusive remedy for a loss of property is against the United States.[3]

However, even if the exclusive remedy for loss of property was not via a FTCA claim against the United States, negligent acts by a federal agent causing a loss of property do not give rise to a violation of the Due Process Clause. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986). In his objections, Nesbitt asserts that federal employees violated his procedural due process rights when they did not follow the BOP's policies and procedures concerning prisoners' property. However, a prison official's failure to follow prison policies and procedures does not constitute a violation of a prisoner's due process rights. Stanley v. Foster, 464 F.3d 565, 569 (5th Cir. 2006). Therefore, the Magistrate Judge properly concluded that

---

[3] Specifically, 2679(b)(1) states:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for . . . loss of property . . . arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reasons of the same subject matter against employee whose act or omission gave rise to the claim . . . ."

**NESBITT V. UNITED STATES** 1:06CV102

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING WITH PREJUDICE COMPLAINT**

Nesbitt cannot bring a <u>Bivens</u> action against Officer Eichhorn arising from a loss of property.

3.

Nesbitt also objected to Magistrate Judge Kaull's factual findings in support of his conclusion that Officer Eichhorn's actions were reasonable under the circumstances and that there was no breach of duty with respect to Nesbitt's property. In his R&R, Magistrate Judge Kaull stated that, at the time Officer Eichhorn packed Nesbitt's property, Nesbitt's locker was unsecure. In response, Nesbitt asserts that "[t]he unsecure locker was based on [his] behavior alone." Nesbitt further states that Officer Eichhorn could not have gained access to his locker without his presence "due to a lock malfunction." In addition, Nesbitt contends that Officer Eichhorn could not have distinguished between his property and his cell-mate's property and left his cell unsecure after retrieving only the property packed by Nesbitt prior to his removal from the area.

Significantly, Nesbitt does not deny that his locker was unsecure on the date at issue in his complaint and that Officer Eichhorn packed and secured his property within five minutes after Nesbitt was removed from his cell. Rather, Nesbitt's objections

11

demonstrate his negligence rather than negligence on the part of Officer Eichhorn because Nesbitt failed to maintain his property in a secure locker. Therefore, under these circumstances, Officer's Eichhorn's actions of securing Nesbitt's property from his locker within five minutes of Nesbitt's removal from his cell were reasonable and did not breach any duty owed to Nesbitt with respect to his property.

In his R&R, Magistrate Judge Kaull appears to question whether Nesbitt owned the alleged missing items at the time he was placed into the SHU on November 12, 2005. In response, Nesbitt asserts that, two days prior to being placed in the SHU, he spent $108.15 at the commissary. He further states that he has spent 95% of his fiances in the commissary and "with every 6 months [his] account has progressed." Therefore, Nesbitt contends that his behavior does not "depict someone who has nothing." Nesbitt, however, overlooks the fact that Magistrate Judge Kaull viewed the facts in the light most favorable to him (i.e.- assuming that he owned the alleged missing property) and still concluded that Officer Eichhorn acted reasonably in securing his property. Therefore, even if the Court accepts the facts set forth by Nesbitt as true, his FTCA claim would still fail because the undisputed facts simply do not

demonstrate a breach of any duty owed to Nesbitt with respect to his property.

4.

Finally, Nesbitt objects to the Magistrate Judge's finding that he waived his claims concerning lost property by signing sections 10(a) and 10(b) of his Inmate Personal Property Record. According to the defendant, on November 16, 2005, Nesbitt signed Section 10(a) of his Inmate Property Record. Section 10(a) states:

> Claims Release: The receiving officer, as soon after receipt of the property as possible, will review the inventory with the inmate to verify its accuracy. Property that is stored, kept in possession of the inmate, mailed out of the institution, or donated is to be marked in the appropriate section of this inventory form. The receiving officer certifies receipt, review and disposition of the property by signing below. The inmate by signing below certifies the accuracy of the inventory, except as noted on the form, relinquishing of all claim to articles listed as donated, receipt of all allowable items, and receipt of a copy of the inventory. When the inmate claims a discrepancy in the inventory, the receiving officer shall attempt to resolve that discrepancy. If the inmate states that there is missing or damaged property, this information should be noted under Comments.

The defendant further asserts that, upon his release from the SHU, Nesbitt signed section 10(b) of the Inmate Property Record. Section 10(b) states:

> Upon release of the inmate from the unit, detention, etc., the releasing officer is to give the inmate that property stored as a result of the inmate's housing. The inmate certifies release of the property, except as noted on this form, and receipt of a copy of the inventory by signing below. When the inmate claims a discrepancy in the inventory, the releasing officer shall attempt to resolve that discrepancy. If inmate states that there is missing or damaged property, this information should be noted under Comments.

In his objections, Nesbitt states that the defendant wants the Court "to believe the signature and its placement on the document to have merit based on its face," but he contends that the Court must also consider that other procedures were not performed correctly. Specifically, Nesbitt states that, upon his release from the SHU, he was not given the opportunity to examine his property. Moreover, he asserts that his Inmate Property Record was "lacking in many areas." As an example, Nesbitt states that specific pieces of his property were returned to him in the SHU, but were never marked with the appropriate code (K- Keep in Possession) on his Inmate Property Record.

In his objections, however, Nesbitt fails to explain why he signed the Inmate Personal Property Record on two occasions, certifying the accuracy of the inventory of his property, without noting any of his present concerns. Nesbitt not only failed to note any missing property, but, significantly, failed to note any problems with the property review procedure or the contents of his Inmate Property Record. By failing to note any discrepancies with his property or the review procedure, Nesbitt released all claims concerning the inventory of his property. Baker v. Smith, 961 F.2d 219 (10th Cir. 1992); Taylor v. United States, 2006 WL 1806178 (W.D.Va. 2006); Mathis v. Hamidullah, 2006 WL 3628027 (D.S.C. 2006). Therefore, the Court concurs with the Magistrate Judge's conclusion that Nesbitt waived his loss of property claim.

### IV. CONCLUSION

Accordingly, the Court **ADOPTS** Magistrate Judge Kaull's Report and Recommendation (dkt no. 34) in its entirety, **GRANTS** the United States' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dkt no. 24), and **ORDERS** the case **DISMISSED WITH PREJUDICE** and stricken from the Court's docket.

It is so **ORDERED**.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING WITH PREJUDICE COMPLAINT**

The Clerk is directed to mail a copy of this Order to the pro se plaintiff via certified mail, return receipt requested and transmit a copy of this Order to counsel of record.

Dated: August 21, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE